IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. KANDA, | No. CIV S-08-2007-CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| J. McANELLY, | |
|     Defendant. | |
|                          / | |

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction and defendant has not been served.

       Pending before the court are plaintiff's complaint (Doc. 1) and plaintiff's response to the court's October 29, 2008, order to show cause why this action should not be dismissed. Plaintiff names J. McAnelly as the only defendant. Plaintiff's allegations consist of one paragraph as follows:

       On June 13, 2008, officer J. McAnelly took out his aggression on me (Kanda) by searching my cell without a reasonable or justifiable penological reason to do so. Officer J. McAnelly took away state issue food provided by the state, along with my canteen purchase items tea bags (two boxes). Upon McAnelly exiting my cell he trash it. Additionally:

1

> On June 16, 2008, I Kanda, had receive a Institutional ducat to attend Bible study. Officer J. McAnelly hindered my passway by refusing to release me from my housed cell. On July 20, 2008, officer J. McAnelly also hindered African American by the name of Inmate J. Mills (G-00005) from attending a medical appointment without a justifiable reason to do so. Due to officer J. McAnelly refusal violated my rights to attend church for rehabilitations purposes.

As to these allegations, the court identified a potential due process claim and potential free exercise claim and stated as follows in the order to show cause:

> In this case, plaintiff claims that defendant McAnelly improperly took his property. However, the state's tort claim procedure constitutes an adequate post-deprivation remedy such that the claim is not cognizable under § 1983.
>
> * * *
>
> In this case, plaintiff cannot establish that defendant McAnelly's conduct resulted in a substantial burden. Plaintiff specifically claims that the only restriction on his religious practice was an inability to attend one Bible study meeting. This cannot be considered a substantial burden on the practice of his faith.

In response to the order to show cause, plaintiff continues to focus on the conduct of officer McAnelly – the only defendant named in the original complaint – and outlines detailed factual allegations covering the time period between March 2008 and October 2008, many of which were not stated in the original complaint. In particular, he alleges facts between August 28, 2008, and October 18, 2008, which are dates after the original complaint was filed. In the allegations set forth in plaintiff's response, plaintiff complains of the following general conduct by officer McAnelly: (1) verbal abuse, name-calling, and disrespect; (2) deprivation of meals; (3) unjustified cell searches; (4) denial of religious service; (5) improper confiscation of property; (6) denial of medical care; and (7) threats of physical violence. Plaintiff does not specifically respond to any discussion in the court's order to show cause.

///

///

///

As to due process claims, the court observed in the order to show cause that the state provided an adequate post-deprivation remedy and, for this reason, his due process claim was not cognizable.  See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984).  The same holds true for the new allegations.  In particular, plaintiff claims that officer McAnelly entered his cell on September 7, 2008, incident to a cell search and "took whatever he wanted without leaving a cell search receipt."  He also asserts that officer McAnelly took a fork and toothbrush on September 26, 2008, and that he took other items on October 10, 2008.  Because the state provides an adequate post-deprivation remedy through the tort claim process, these allegations cannot support a due process claim cognizable under § 1983.  Plaintiff has not demonstrated that he can state a cognizable due process claim and such claims will be dismissed from the action without leave to amend.

Addressing plaintiff's claims relating to the free exercise of religion, the court previously stated that his allegations were inadequate because plaintiff had not demonstrated any substantial burden to the practice of his religion.  See Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997) (analyzing claim under First Amendment); see also Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005) (analyzing claim under RLUIPA).  Again, the same holds true as to the allegations set forth in response to the order to show cause.  Plaintiff asserts that officer McAnelly refused to allow him to go to the chapel on July 16, 2008 (in the original complaint he asserted this happened on June 16, 2008).  He also alleges that officer McAnelly served him meat on August 30, 2008, October 11, 2008, October 12, 2008, and October 18, 2008, in violation of his religious beliefs.  None of these allegations demonstrates a substantial burden.  Specifically, plaintiff claims that he was not able to attend chapel on only one occasion.  As to the allegations concerning officer McAnelly serving him meat, plaintiff does not allege that he was forced to eat the meat or that merely being in the presence of meat violates any tenet of his religion (he does not even state which religion he follows).  Therefore, the court finds that plaintiff has not demonstrated that he can state any claim based on denial of the free exercise of religion and such

1 claims will also be dismissed from the action.

2     Because plaintiff did not assert anything other than due process and free exercise
3 claims in the original complaint, nothing remains except the new allegations asserted for the first
4 time in response to the court's order to show cause. Allowing plaintiff an opportunity to file an
5 amended complaint in this docket to assert the new allegations would not be appropriate because
6 they would not relate back in any way to the very specific and limited allegations set forth in the
7 original pleading. See Fed. R. Civ. P. 15(c). Plaintiff could assert these allegations in a new
8 civil action.

9     Accordingly, IT IS HEREBY ORDERED that:

10     1.     This action is dismissed; and

11     2.     The Clerk of the Court is directed to enter judgment of dismissal and close
12 this file.

14  DATED: December 24, 2008

15
16  _____
    **CRAIG M. KELLISON**
    UNITED STATES MAGISTRATE JUDGE